```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Misha Kendall

    v.                                      Civil No. 16-cv-428-LM
                                              Opinion No. 2017 DNH 126

The Society for the Protection
of New Hampshire Forests and
White Mountains Recreation
Association, Inc. d/b/a
White Mountain Attractions Association


**O R D E R**

Misha Kendall brings suit against The Society for the Protection of New Hampshire Forests and White Mountain Recreation Association, Inc. alleging claims for negligence and gross negligence arising from her injuries and property damage sustained when she fell on a boardwalk at Lost River Gorge and Boulder Caves in Woodstock, New Hampshire. Defendants move to dismiss the complaint (doc. no. 13).

In response, Kendall objects and moves for leave to amend her complaint (doc. no. 20) to add factual allegations, remove her claim for negligence, and add a claim for negligent misrepresentation based on defendants' statement on their website. Defendants object to the motion to amend.

The court first addresses Kendall's motion for leave to amend her complaint, and then turns to defendants' motion to dismiss.

I. Motion to Amend

In her proposed amended complaint, Kendall alleges claims for gross negligence and negligent misrepresentation. Defendants argue that the proposed amendment would be futile because they are immune from liability for both claims under 1917 New Hampshire Laws Chapter 19, § 1 ("1917 Law") and because the proposed amended complaint fails to state a plausible claim for relief. Defendants also argue that the motion to amend is untimely.

Under Federal Rule of Civil Procedure 15(a)(2), the court will grant leave to amend a complaint "when justice so requires." Despite the broad standard, a "court may deny leave to amend for a variety of reasons, including futility, bad faith, undue delay, or a dilatory motive on the movant's part." In re Curran, 855 F.3d 19, 27-28 (1st Cir. 2017) (internal quotation marks and citation omitted).

A. Timeliness

Defendants argue that Kendall's motion should be denied because of undue delay, based on the time between when Kendall filed the original complaint and when she filed the motion for leave to amend.

Kendall brought suit as a pro se party, filing her complaint in state court on August 8, 2016.  After defendants removed the case to this court, counsel entered an appearance on Kendall's behalf on November 4, 2016.  On December 7, 2016, defendant filed a motion to dismiss.  Counsel responded to defendants' motion to dismiss and then moved to amend on January 19, 2017.  As such, the timing does not show undue delay, and defendants have not shown unfair prejudice that would result from allowing the amended complaint.

B. Futility

In the proposed amended complaint, Kendall alleges claims for gross negligence and negligent misrepresentation.[1]  Defendants contend that the proposed claims are futile.

1. Standard of Review

In assessing, before discovery, whether the claims in a proposed amended complaint are futile, the court uses the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Curran, 855 F.3d at 28; Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).  The court takes the factual allegations in the proposed amended

---

[1] Kendall also substitutes White Mountains Recreation Association, Inc. as the correct legal name for White Mountains Attraction Association.

3

complaint as true and draws all reasonable inferences in favor of the plaintiff. Morgan v. Town of Lexington, 823 F.3d 737, 742 (1st Cir. 2016). Then, based on that view of the proposed amended complaint, the court determines whether the plaintiff has stated a plausible claim for relief. Curran, 855 F.3d at 28.

2. Background

The Society for the Protection of New Hampshire Forests (the "Society") is a nonprofit corporation which owns the Lost River Gorge and Boulder Caves ("Lost River"). White Mountain Attractions Association ("White Mountain") operates Lost River. White Mountain manages Lost River's website, and the Society contributes to and approves the website's content.

In her proposed amended complaint, Kendall alleges that she was looking for an outdoor activity that would be safe for her and her two six-year-old children. Kendall read about Lost River on its website and noted the descriptions and information provided. In particular, Kendall read that there were boardwalks at Lost River that provided "a 'safe way' to view rock formations." Doc. no. 20-1 at ¶ 9.

On August 8, 2013, Kendall decided to go to Lost River with her children. She was an experienced hiker and dressed

accordingly. When she and her children arrived, she paid the entrance fee, and they entered Lost River.

After walking down a sandy path through the forest, Kendall and the children came to a boardwalk and a bridge over a river. The boardwalk was crowded and no more than four feet wide. The boardwalk turned sharply after the bridge on the way to the "Sun Altar" cave. Because of the turn, the crowd, a sign giving information about the cave, and a large tree, Kendall could not see ahead on the boardwalk after the bridge.

Just after the turn, a large boulder extended through the middle of the boardwalk to a height of about a foot. The boardwalk was constructed around this boulder. There were no signs to warn of the boulder in the boardwalk. Kendall did not see the boulder in her path, tripped over it, and fell, shattering her elbow. Her digital camera was destroyed, and her clothing had to be cut off of her at the hospital. She has permanent damage to her elbow that has resulted in disability.

### 3. Discussion

Defendants contend that Kendall's claims for gross negligence and negligent misrepresentation are futile for the following reasons: (a) defendants are immune from liability for both claims under the 1917 Law; (b) no claim for gross negligence exists under New Hampshire law; (c) the statement

about the boardwalks being safe is not a misrepresentation of fact but merely an opinion; and (d) Kendall does not allege damages that can be recovered for negligent misrepresentation. Kendall responded to the futility arguments in her reply.

    a. <u>Immunity</u>

There are two immunity statutes at issue in this case, and the parties dispute which one applies to the claims in Kendall's proposed amended complaint.

In 1917, the New Hampshire legislature provided the Society with immunity from liability for any negligence in constructing or maintaining paths, trails, and bridges.  The 1917 Law states:

> Section 1.  The Society for the Protection of New Hampshire Forests, being a corporation organized under the laws of this state for the purpose of encouraging the protection and preservation of forests and other natural resources of this state for the public benefit, and having in pursuance of its corporate purposes acquired several properties, including those known as Sunapee, Monadnock and Lost River reserva-tions, which it has made accessible for use by the public by the building of paths, trails, bridges, and other structures, is hereby <u>exempted from all civil liability in any suit or action by or on behalf of any person injured or claiming to have been injured through the negligent act or omission</u> of said society or of any officer, agent, or employee thereof in constructing or maintaining such paths, trails, bridges, or other structures upon any property now held or hereafter acquired by it for such purposes.

(emphasis added).

A more recent statute, RSA 508:14, II, provides immunity to any nonprofit entity, such as the Society, "that constructs,

maintains, or improves trails for public recreational use," from liability "for personal injury or property damage." This more recent immunity statute, however, provides an exception for "gross negligence or willful or wanton misconduct." RSA 508:14, II states:

> Any individual, corporation, or other nonprofit legal entity, or any individual who performs services for a nonprofit entity, that constructs, maintains, or improves trails for public recreational use <u>shall not be liable for personal injury or property damage in the absence of gross negligence or willful or wanton misconduct</u>.

(emphasis added).

Defendants contend that Kendall's claims are futile because the 1917 Law gives them immunity from any claim involving negligence, which they contend includes claims for gross negligence and negligent misrepresentation. Defendants argue that because the 1917 Law is more specific, as it applies directly to the Society rather than to all nonprofit entities, it controls over the more general immunity provision in RSA 508:14, II. Not surprisingly, Kendall argues that RSA 508:14, II, and not the 1917 Law, applies to the claims in her proposed amended complaint. Because RSA 508:14, II provides an exception for claims based on allegations of gross negligence, such as the claims she alleges in her proposed amended complaint, Kendall asserts that defendants are not entitled to immunity.

At first glance, one might conclude that in enacting RSA 508:14, II, the New Hampshire legislature repealed the 1917 Law by implication. That is, the more recent immunity statute applies to a far broader spectrum of landowners, which would include the Society. The doctrine of "repeal by implication" is generally disfavored, however, especially where, as here, the more recent statute contains no expression of a legislative intent to repeal the 1917 Law. See generally Branch v. Smith, 538 U.S. 254, 273 (2003) (holding that "repeals by implication are not favored" unless there is "a clearly expressed congressional intention" (internal quotation marks and citation omitted)); Diaz-Ramos v. Hyundai Motor Co., 501 F.3d 12, 16-17 (1st Cir. 2007) ("A general law does not repeal a special law unless such repeal is expressly stated or clearly arises from the legislative intent.") (internal quotation marks and citation omitted).

Moreover, a court should avoid applying the disfavored "repeal by implication" doctrine where it is possible to read two laws as consistent with one another. Indeed, the New Hampshire Supreme Court directs that where "reasonably possible, statutes should be construed as consistent with each other." EnergyNorth Nat. Gas, Inc. v. City of Concord, 164 N.H. 14, 16 (2012) (quoting In re Union Tel. Co., 160 N.H. 309, 319 (2010))

(internal quotation marks omitted). Therefore, if possible, the court should construe the 1917 Law and RSA 508:14, II "so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statutes." Soraghan v. Mt. Cranmore Ski Resort, Inc., 152 N.H. 399, 405 (2005) (internal citation omitted).

Another rule of statutory construction at play here calls for the court to narrowly construe immunity statutes. See, e.g., Estate of Gordon-Couture v. Brown, 152 N.H. 265, 267 (2005). Specifically, the rule requires the court to give a narrow construction to the term "negligent" in the 1917 Law because the Law restricts the common law right to recover for injuries caused by another's negligence. Id. As the New Hampshire Supreme Court explained, a court must:

> strictly interpret statutes that are in derogation of the common law. While a statute may abolish a common law right, there is a presumption that the legislature has no such purpose. If such a right is to be taken away, it must be expressed clearly by the legislature. Accordingly, immunity provisions barring the common law right to recover are strictly construed.

Cecere v. Loon Mountain Recreation Corp., 155 N.H. 289, 291 (2007) (internal citations omitted); see also Dolbeare v. City of Laconia, 168 N.H. 52, 54 (2015) (immunity statutes "in derogation of the common law right to recover, are strictly construed").

9

In short, there are two rules of statutory construction that govern this dispute: courts should strictly construe immunity statutes and, where reasonably possible, courts should construe statutes as consistent with one another. Applying these principles, the court narrowly interprets the 1917 Law's use of the term "negligent" to exclude gross negligence and wanton or willful conduct. Such a construction renders the scope of the immunity provided in 1917 Law consistent with the scope of immunity provided in RSA 508:14, II.

Defendants contend that New Hampshire law does not recognize a cause of action for gross negligence and, therefore, the term "negligent" in the 1917 Law necessarily includes gross negligence. In support of that assertion, they rely on [Barnes v. N.H. Karting Ass'n, Inc.,](#) [128 N.H. 102 (1986)](#), and the New Hampshire Supreme Court's statement that "New Hampshire law does not distinguish causes of action based on ordinary and gross negligence." Id. at 108.

By way of RSA 508:14, II, however, the New Hampshire legislature has included just such a distinction. In the context of nonprofit entities that maintain public trails for recreational use, the legislature has defined the scope of immunity by distinguishing between derivative degrees of negligence. Although the 1917 Law predates RSA 508:14, II, the

court is not inclined to ignore the legislature's unmistakably clear language exempting gross negligence from the scope of immunity in its more recent statute. Cf. Lee v. Chamberlin, 84 N.H. 182, 188 (1929) ("[W]here such doctrine is made the basis of a legislative rule, enforceable here, it cannot be treated as meaningless."). Thus, the court finds that in the specific context at issue here, New Hampshire law does distinguish between ordinary and gross negligence.

For the reasons explained above, the court can—and therefore must—reasonably construe the 1917 Law and RSA 508:14, II as consistent with one another. As a practical matter, such a construction means that while both statutes provide immunity to defendants for claims based on allegations of negligence, neither provides immunity for claims based on allegations of gross negligence. The court therefore concludes that defendants are not entitled to immunity from Kendall's claims to the extent they are based on allegations of gross negligence.

      b. <u>Merits of the Claims</u>

Defendants contend that even if they are not immune from claims based on allegations of gross negligence or wanton or willful misconduct, the proposed amended complaint does not contain allegations that rise to that level. They also assert

11

that the proposed amended complaint does not adequately allege a claim for negligent misrepresentation.

### i. Gross Negligence

Gross negligence has been interpreted to mean "very great negligence, or the absence of slight diligence, or the want of even scant care" and willful misconduct has been interpreted as intentional conduct or recklessness that "carries a great chance of causing harm to another." Beane v. Beane, 856 F. Supp. 2d 280, 307 (D.N.H. 2012) (internal quotation marks and citation omitted); see also Colston v. Boston & Me. R.R., 78 N.H. 284, 99 A. 649, 649 (1916) (noting "gross" in gross negligence means great and "willful" means with conscious knowledge).

In the proposed amended complaint, Kendall alleges that defendants built the boardwalk around an obstruction, a boulder that protrudes into the boardwalk approximately one foot higher than the boardwalk. She also alleges that the boulder is in a dangerous location, just around a turn, and is obscured by a sign, a tree, and crowds of people using the boardwalk. She alleges that defendants placed no warnings about the boulder for the tourists to see before walking on the boardwalk. The proposed amended complaint alleges that the obstructed boardwalk constitutes an obvious danger, and that defendants acted with gross negligence in failing to remove or warn of the boulder.

Drawing all reasonable inferences in Kendall's favor, the proposed amended complaint sufficiently alleges gross negligence. Accordingly, the doctrine of futility does not bar Kendall's request for leave to amend her complaint to allege a claim based on gross negligence.

### ii. Negligent Misrepresentation

Defendants also contend that the proposed amended complaint does not adequately allege a claim for negligent misrepresentation. Kendall's negligent misrepresentation claim is based on defendants' statement on their website that there were boardwalks at Lost River that provided a "safe way" to view rock formations.

To state a claim for negligent misrepresentation, a plaintiff must allege facts that show "a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff." Wyle v. Lees, 162 N.H. 406, 413 (2011). Defendants contend that the alleged misrepresentation identified in the proposed amended complaint is merely an opinion, not a statement of fact, and, therefore, cannot be the basis of a negligent misrepresentation claim.

Although statements of opinion do not generally provide a proper basis for a claim for misrepresentation, under "certain circumstances, an opinion may constitute the basis of fraud or

13

misrepresentation." DePalantino v. DePalantino, 139 N.H. 522, 524 (1995) (citing cases); see also Isaacs v. Dartmouth-Hitchcock Med. Ctr., No. 12-cv-040-LM, 2014 WL 1572559, at *16 (D.N.H. Apr. 18, 2014). At this early stage, the court cannot determine whether defendants' alleged statement that there were boardwalks at Lost River that provided a "safe way" to view rock formations is an actionable misrepresentation. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Whether a statement is an actionable statement of 'fact' or mere 'puffing' depends upon a number of factors, including the statement's specificity, the speaker's knowledge, the comparative levels of the speaker's and the hearer's knowledge, and whether the statement relates to the present or the future.").[2]

Defendants also contend that Kendall has not alleged damages that may be recovered for negligent misrepresentation. A plaintiff is entitled to her economic losses caused by a

---

[2] Defendants also assert that the negligent misrepresentation claim is not based on allegations of gross negligence or willful or wanton misconduct and, therefore, they are immune from liability under both the 1917 Law and RSA 508:14, II. Viewed generously, however, the proposed amended complaint alleges that on their website, defendants represented that there were boardwalks at Lost River that provided a "safe way" to view rock formations despite obvious dangers. Whether defendants made the alleged misrepresentation with gross negligence requires factual development and cannot be determined at this stage of the litigation.

14

defendant's negligent misrepresentation but is not entitled to damages for emotional distress. Crowley v. Global Realty, Inc., 124 N.H. 814, 817-18 (1984).

Kendall makes no demand for damages in her proposed amended complaint that is specific to her negligent misrepresentation claim. Instead, at the conclusion of the proposed amended complaint, Kendall requests damages for medical expenses, lost wages and employment benefits, destroyed property, emotional distress and inconvenience, and loss of the enjoyment of life. Although she cannot recover for emotional distress and loss of the enjoyment of life under her claim for negligent misrepresentation, Kendall alleges other damages that are recoverable. Therefore, Kendall's proposed negligent misrepresentation claim is not futile.

### C. Result

The circumstances support allowing Kendall to amend her complaint. Defendants have not shown, at this stage of the case, that Kendall's claims would be futile. Therefore, Kendall is granted leave to file her amended complaint.

## II. Motion to Dismiss

Defendants moved to dismiss Kendall's original complaint. When the amended complaint is filed, it will supersede the original complaint, making the motion to dismiss moot. Brait

15

Builders Corp. v. Mass. Div. of Capital Asset Mgmt., 644 F.3d 5, 9 (1st Cir. 2011). For that reason, the motion to dismiss is denied as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend (doc. no. 20) is granted. Plaintiff shall file the proposed amended complaint attached to document no. 20 as the amended complaint **on or before June 23, 2017**. Defendants' motion to dismiss (doc. no. 13) is denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 21, 2017

cc: Megan E. Douglass, Esq.
    Benjamin T. King, Esq.
    Robert E. Murphy, Jr., Esq.